CITY OF CINCINNATI, APPELLEE, *v.* EPLEY, APPELLANT.

(No. 9122—Decided October 17, 1962.)

*Mr. James W. Farrell, Jr.,* city solicitor, *Mr. Robert J. Paul* and *Mr. William H. Brewe,* for appellee.

*Mr. Allen Brown,* for appellant.

KEEFE, J. Defendant was tried in the Cincinnati Municipal Court and convicted of violating the following ordinance of the city of Cincinnati:

"Section 724-7. Registration Required; Exceptions. No

person shall solicit contributions within the city of Cincinnati for any charitable purpose or person unless the person for whose benefit the solicitation is conducted is registered with the commission; provided, however, that the provisions of this section and chapter shall not apply:

"(1) to any solicitation made by or on behalf of a charitable person if the solicitation by such person is conducted by other members or officers thereof, voluntarily and without remuneration for making such solicitation among the established and bona fide membership thereof or the normal neighborhood constituency and neighborhood supporters thereof, or

"(2) if the solicitation is in the form of collections or contributions at a regular assembly or services of such charitable person. (Ordained by Ord. No. 371-1957, effective October 18, 1957.)"

The defendant had rented Cox Theatre, Cincinnati, for the month of January 1962, for the purpose of "running a revival here in Cincinnati." (Quote from defendant's own testimony.) Defendant's home is in Hammond, Indiana.

On the night of January 8, 1962, after defendant had been in Cincinnati for at least seventeen days, he opened the service with a prayer and later handed out oil claimed to have a religious significance for the thirteen or fourteen hundred people in the theater. During the oil distribution, defendant was cited for failure to comply with the above ordinance and was tried and convicted, as indicated. There was no jury demand.

Defendant claims the ordinance under which he was convicted is unconstitutional and, consequently, the conviction below ought to be set aside and defendant dismissed. My colleagues and I find nothing in this ordinance violating either the state or federal Constitutions. This ordinance seems a legitimate exercise of the city's police power so far as the facts present in this case are concerned, and the requirement that the defendant register with the Charitable Solicitations Commission of the City of Cincinnati before soliciting money from those who attend his revival imposes no unreasonable or burdensome obligation upon him. There has been no showing of any requirement whatsoever that a fee had to be paid before registration. We do not have before us a case where the Solicitations Commission has refused authority to the defendant to

conduct his revival. The evidence is uncontradicted that he held his revival meetings without registering.

Defendant contends that the registration requirement of the ordinance quoted above interferes with his right of freedom of religion under the First Amendment to the federal Constitution. We cannot subscribe to that position. It is obvious from the language of the particular ordinance with which we are involved here, and from other sections in the Charitable Solicitations Chapter, that the legislative body of Cincinnati, in the interest of public welfare, has set up certain reasonable requirements to protect the citizens from solicitation harrassment from those who may come to the community of Cincinnati for unworthy as well as worthy motives. We are not passing upon the motives of this particular defendant. That inquiry is not before us. Furthermore, there is nothing before us to justify assumption that defendant would have been denied the right to hold his revival if he had registered as required by law.

On behalf of the defendant, something is attempted to be made of the fact that whatever monies came to him from those who participated in the revival were free-will offerings and not solicited contributions. Testimony at the trial discredits this position. Even the defendant himself admitted that he gave out to the people present, "the twenty-five dollar envelopes." And there is a wealth of other evidence that establishes beyond any doubt that contributions were being solicited.

The ordinance with which we are concerned, in paragraphs (1) and (2), excepts certain solicitations. The burden of proving facts which will bring him within the operation of the exceptions is upon the party accused. Defendant did not sustain this burden since the trial evidence clearly shows that the revival meeting could not reasonably be held to be a meeting of an "established * * * membership * * * or the normal neighborhood constituency and neighborhood supporters." An itinerant revival held in a downtown theater, innocent and uplifting as it might be, is not the type of established charitable operation that paragraph number one of the ordinance obviously contemplates. Neither did the evidence show the defendant's revival meeting to be a "regular assembly or services," as excepted in paragraph numbered two in the subject ordinance.

Much of the record of the testimony taken at the trial has

248

to do with whether oil, which was dispensed at the meeting on January 8, 1962, was sold or given away, defendant contending it was given gratuitously to revival participants. It was unnecessary to go into this. The defendant having been proved to have failed to register with the Solicitations Commission, having solicited contributions within the city, and not having brought himself within the exceptions of Ordinance Section 724-7, whether he sold the oil or gave it away seems immaterial.

Other assignments of error not considered in this opinion are found not well made or nonprejudicial.

Whether it was necessary in the resolution of the validity of the particular charge in this case or not, the record reveals that the trial, to some extent, was concerned with the religious beliefs of the defendant, his cosponsors of the revival, and those who attended to participate. In such matters, trial courts always have an obligation not to countenance any frivolousness with respect to the deep and genuine beliefs of those in court regardless of how primitive or unusual they may seem to be, and how small a minority the adherents constitute.

There was no prejudicial error committed below, and defendant was fairly tried on the charge made against him. The judgment of the Cincinnati Municipal Court is affirmed.

*Judgment affirmed.*

Long, P. J., and Hildebrant, J., concur.